IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td>THOMAS WACKMAN,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Petitioner,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td>CIVIL NO.: WDQ-11-0889</td></tr>
<tr><td>v.</td><td></td><td>CRIMINAL NO.: WDQ-06-0427</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Respondent.</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Pending is Thomas Wackman's *pro se* motion to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255. No
hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255
Proceedings*. For the following reasons, the motion will be
denied.

I. Background

On September 26, 2006,[1] Wackman was indicted with 11 others
for conspiracy to distribute cocaine and marijuana, in violation
of 21 U.S.C. § 846. On September 27, 2006, the Court issued a
warrant for his arrest, ECF No. 7, but Wackman remained a
fugitive for many months. On November 6, 2006, his co-
defendants had their initial appearances. ECF No. 102.

---

[1] The Government's reference to a May 6, 2006, indictment appears
to be a typo. *See* ECF No. 311 at 11, 14. That date precedes
much of the criminal activity for which Wackman was convicted.

On December 12, 2006, the Court scheduled an eight-week trial to begin January 7, 2008, and granted the Government's speedy trial exclusion motion.[2] ECF No. 102. The Court noted that Wackman was a fugitive,[3] and "the case at bar [was] a complex narcotics conspiracy case involving extensive, multi-month wiretap investigations." *Id.* at 1. The Court found that justice was served by granting the parties more time to complete discovery, prepare motions, and engage in plea negotiations. *Id.* at 1-2.

On June 8, 2007, Wackman had his initial appearance and pled not guilty. ECF No. 311, Ex. 2 at 3. On December 18, 2007, the Government filed a superseding indictment against Wackman and four other defendants. ECF No. 168.

On January 7, 2008, Wackman's four-day trial[4] began. Wackman swore that he had reviewed the superseding indictment with his attorney, understood the charges against him, and wished to plead not guilty. Trial Tr., Vol. III, 213:07-215:25.

The Government presented testimony of several cooperating witnesses and police officers, and evidence of drug seizures and controlled buys involving Wackman. Special Agent Daniel Henley

---

[2] *See* 18 U.S.C. §§ 3161 *et seq.*

[3] The order's statement that "another defendant in this indictment has been a fugitive," ECF No. 102 at 1, was a reference to Wackman.

[4] Wackman was tried without his co-defendants.

testified that the Drug Enforcement Administration had intercepted marijuana shipments from California to Hagerstown, addressed to persons named in the indictment. Trial Tr., Vol. I, 5:14-7:12. He also testified that cooperating witness Eric Wyand, who provided information about Wackman's involvement in the conspiracy, had made controlled drug buys from Wackman, and had spoken to Wackman about drug transactions during recorded phone conversations. *Id.* at 10:20-18:9. Henley also testified about a website with pictures of Wackman posing with small baggies of a green, plantlike material. *Id.* at 22:7-21.

Three cooperating witnesses also testified. Wyand testified in hopes of reducing his sentence on New York drug-trafficking and handgun charges. Trial Tr., Vol. I, 84:1-86:6. He described how he and Wackman received drugs from various New York sources and transported up to 80 pounds of marijuana from New York to Maryland every week or two. *Id.* at 58:20-60:14. He also testified that Wackman ordered drugs from an associate with connections in California, made crack cocaine many times, transported seven- to eight-ounce quantities of cocaine from New York to Maryland at least 10 times, and had two-ounce quantities of crack cocaine on at least five separate occasions. *Id.* at 65:8-69:10, 87:6-88:11; Trial Tr., Vol. II, 115:6-16. Wyand sometimes saw Wackman handling guns. Trial Tr., Vol. I, 70:4-6.

Kasandra Sue Wriston-Rulison, who was indicted with Wackman, testified pursuant to a cooperation plea agreement that she had periodically bought marijuana from Wackman. Trial Tr., Vol. III, 228:23-231:6. She also testified that she had bought drugs from Wackman at an apartment house on John Street in Martinsburg, West Virginia. *Id.* at 231:21-232:9.

Brandy Netz testified under a plea agreement related to drug charges in the District of West Virginia. Trial Tr., Vol. III, 311:25-312:1, 313:3-314:10. She told the jury that she sold marijuana weekly for Wackman for several months, then crack cocaine every week or two during a period of six months to a year. *Id.* at 305:2-18, 306:17-308:3. She testified that Wackman once sold her 168 grams of crack cocaine. *Id.* at 308:8-10.

Two witnesses testified about the interception of a United Parcel Service ("UPS") package of powder cocaine linked to Wackman. Pennsylvania State Police Trooper Gregory Emery testified that on July 20, 2006, police searched a suspicious package at a UPS facility and found cocaine inside. Trial Tr., Vol. IV, 420:4-427:12. The package was addressed to Kathy Reid. *Id.* at 433:12-21. UPS employee Carol Ann Mauser testified that on July 21, 2006, a man identifying himself as Wackman came to the store with his driver's license and a note purporting to be

from Kathy Reid granting him permission to receive the package for her. Trial Tr., Vol. III, 218:14-220:9.

Officer Scott Doyle of the Martinsburg, West Virginia, Police Department testified that on February 23, 2005, he helped execute a search warrant on an apartment at 506 West John Street where Wackman had lived. Trial Tr. Vol. III, 252:4-9. Police recovered five pounds of marijuana, packaging materials, scales, three handguns, $10,000, and a utility bill and prescription for Wackman. *Id.* at 254:4-263:25.

The defense presented no evidence. On January 10, 2008, the jury convicted Wackman. ECF No. 176.

The Presentence Report ("PSR") determined the drug quantity involved in the conspiracy set Wackman's base offense level as 34 under the advisory sentencing guidelines.[5]  PSR ¶ 18.  A two-level enhancement to 36 under § 2D1.1(b)(1) was based on Wackman's possession of "dangerous weapons" during the offense. *Id*. at ¶ 19.  Wackman was in criminal history category I.  *Id.* at ¶¶ 29-29.  His advisory sentencing guidelines range was 188 to 235 months.  *See* Sentencing Table, U.S. Sentencing Guidelines

---

[5] The U.S. Probation and Pretrial Services Office based that determination on 592 kilograms of marijuana, six kilograms of cocaine, and 476 grams of cocaine base attributable to the conspiracy.  PSR ¶ 18; *see* U.S. Sentencing Guidelines Manual § 2D1.1(c)(3).

Manual. The statutory mandatory sentence for Wackman was 120 months. 21 U.S.C. § 841(b)(1)(A).

At sentencing on March 31, 2008, Wackman's attorney, Anton J.S. Keating, requested the mandatory 120-month sentence. Sentencing Tr. 7:20. Keating noted that Wackman had made every court appearance, wanted to spend time with his ailing mother, now accepted responsibility for his crime, and was in criminal history category I. *Id.* at 4:4, 5:24-6:12, 8:5-6. Keating also noted that there was no evidence linking Wackman to violence, and a co-defendant who had pled guilty and attempted to withdraw his plea had received a 12-year sentence. *Id.* at 9:16-22, 10:5-7. Wackman admitted under oath that the Government had offered him a plea deal in which he could have served as little as five years, but he had rejected it. Sentencing Tr. 11:15-17. He said, "When Mike Hanlon told me to take the deal, you know, I just couldn't live with that. I was like, 'Five years out of my life?' There is no way I could think I could do that." *Id.* The Court sentenced Wackman to 188 months imprisonment. ECF No. 240 at 16.

On April 7, 2008, Wackman filed a notice of appeal. ECF No. 215. On September 24, 2008, the Fourth Circuit granted Keating's motion to withdraw as counsel and appointed John L. Machado to represent Wackman on appeal. ECF No. 247. Machado argued that the District Court erred by (1) denying Wackman's

6

motion for a mistrial,[6] (2) admitting hearsay testimony and evidence based on hearsay, and (3) enhancing Wackman's sentence. *United States v. Wackman*, 359 F. App'x 413, 415 (4th Cir. 2010) (per curiam). The Fourth Circuit rejected each argument and affirmed Wackman's conviction and sentence. *Id.*

On April 13, 2010, Wackman moved for a reduction of his sentence under 18 U.S.C. § 3582 because the U.S. Sentencing Guidelines Commission had amended its crack cocaine guidelines.[7] ECF No. 276. The probation office found that Wackman--who was sentenced on March 31, 2008--was ineligible for a sentence reduction because he had benefitted from the amended crack cocaine offense levels. ECF No. 283. The Office of the Federal Public Defender[8] agreed Wackman was not entitled to a reduced

---

[6] On the third day of trial, Keating argued that the Government impliedly vouched for a prosecutor's credibility by asking Netz about her prior interactions with that prosecutor. Trial Tr., Vol. III, 314:25-316:4.

[7] Under the first sentencing guidelines in 1987, the Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." *Kimbrough v. United States*, 552 U.S. 85, 96 (2007). In 2007, the Commission amended its guidelines to reduce the base offense levels for crack cocaine. U.S. Sentencing Commission, *Cocaine and Federal Sentencing Policy*, May 2007, at E-1. The amendment applies retroactively to sentences imposed on or after March 3, 2008. *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010).

[8] The Court had appointed the Federal Public Defender to review Wackman's motion and provide a status report. ECF No. 277.

7

sentence. *Id.* On July 2, 2010, the Court denied Wackman's motion. *Id.*

On April 5, 2011, Wackman filed this § 2255 motion to vacate. ECF No. 296. On July 1, 2011, the Government filed its opposition. ECF No. 311.

II. Analysis

Wackman argues that (1) he was denied due process by the Government's failure to correct false testimony, and (2) his trial and appellate attorneys were ineffective. Mem. in Supp. of Mot. for Relief 4-25.

A. Due Process

The Government violates due process when it knowingly uses perjured testimony to convict a defendant, "regardless of whether the prosecution solicited testimony it knew to be false or simply allowed such testimony to pass uncorrected." *United States v. White*, 238 F.3d 537, 540 (4th Cir. 2001).

Without elaboration, Wackman alleges that the Government "failed to investigate known inconsistencies" in Wyand's testimony. Mem. in Supp. of Mot. for Relief 18-19. But such "conclusory accusations" are insufficient for relief.[9]

---

[9] *United States v. Roane*, 378 F.3d 382, 401 (4th Cir. 2004) (no post-conviction relief or evidentiary hearing warranted when petitioner offered no evidence that Government knew or should have known that testimony was false).

B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Under *Strickland*, Wackman must prove that counsel's performance: (1) was deficient and (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Wackman to show that his attorneys made errors so serious that their "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. A court must be "highly deferential" in its review of an attorney's conduct, observing a "strong presumption" that counsel's conduct was "within the wide range of reasonable professional assistance." *Id.* at 689.

To demonstrate prejudice, Wackman must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Wackman argues that his trial and appellate attorneys provided ineffective assistance of counsel because they did not (1) move to dismiss on speedy trial grounds, (2) move to suppress evidence, (3) move to sever counts, (4) negotiate an open plea, (5) call certain witnesses, (6) have Wackman testify, (7) move for judgment of acquittal, (8) object to the PSR, (9) raise certain arguments at sentencing, or (10) raise any of

these grounds on appeal. Mem. in Supp. of Mot. for Relief 4-25.
None of his contentions has merit.

1. Speedy Trial

Wackman argues that his trial counsel was ineffective for
(1) waiving his rights to speedy trial under the Sixth Amendment
and the Speedy Trial Act, and (2) failing to move to dismiss the
indictment because of the trial delay.

a. Sixth Amendment

A defendant's Sixth Amendment right to speedy trial is
triggered when he is "indicted, arrested, or otherwise
officially accused." *United States v. MacDonald*, 456 U.S. 1, 6
(1982). In determining whether this right has been violated, a
court considers (1) the length of delay, (2) the reason for the
delay, (3) the defendant's assertion of his right, and (4)
prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530
(1972). Generally, if the delay is less than one year, the
other factors need not be examined. *United States v. Hall*, 551
F.3d 257, 271 (4th Cir. 2009). The defendant must establish
that "on balance, [the factors] weigh in his favor." *United
States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995).

Wackman has not made that showing. He was indicted on
September 26, 2006, and tried more than a year later, on January
7, 2008. Because he was a fugitive, however, Wackman's initial
appearance was not until June 8, 2007, only about seven months

10

before trial.[10] In addition to Wackman's fugitive status, the complexity and scope of the case justified delay.[11] Although the Government concedes that Wackman may have asserted his right to speedy trial,[12] Wackman has failed to demonstrate that prejudice resulted from the delay.[13] On balance, he has failed to show that his Sixth Amendment right to a speedy trial was violated.

b. Speedy Trial Act

Under the Speedy Trial Act, a defendant is entitled to trial within the latter of 70 days from his indictment or first appearance. *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011); 18 U.S.C. § 3161(c)(1). The Act excludes certain delays from computation if "the ends of justice served by taking

---

[10] "A defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility. It has been held, for example, that an accused cannot sustain a speedy-trial claim when delay results from his being a fugitive from justice . . ." *Dickey v. Florida*, 398 U.S. 30, 48 (1970). *See also United States v. Trotman*, 406 F. App'x 799, 807 (4th Cir. 2011) (second *Barker* factor weighed in government's favor when defendant's 15 years as a fugitive contributed significantly to a 17-year trial delay).

[11] *See, e.g.*, *Hall*, 551 F.3d at 272 (delay because "the prosecution was complicated, involving a serious, complex conspiracy charge that implicated multiple parties" was "valid," tending to negate a speedy trial violation).

[12] The Government did not obtain transcripts of Wackman's initial appearance and arraignment. ECF No. 311 at 20.

[13] A delay may prejudice a defendant if it results in (1) an "oppressive pretrial incarceration," (2) "anxiety and concern," or (3) "possibility that the defense was impaired." *Barker*, 407 U.S. at 532. Wackman has alleged none of these.

11

such action[s] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). Courts granting such delays must provide their reasoning after considering various factors such as whether a delay would result in a miscarriage of justice or the case is so unusual or complex that counsel cannot adequately prepare for trial within the established time limits. *Shealey*, 641 F.3d at 632.

Wackman's case involved no Speedy Trial Act violation. The Court made clear in its December 12, 2006, order that Wackman's fugitive status and the case's complexity and scope justified a later trial date. The Act allows delays for those reasons.[14]

Because Wackman can show no violation of his rights under the Sixth Amendment or the Speedy Trial Act, he necessarily has failed to show that his attorney was ineffective for not moving to dismiss the indictment. *See Strickland*, 466 U.S. at 686, 689. Wackman also has shown no prejudice. *See id.* at 694.

---

[14] 18 U.S.C. § 3161(h)(7)(B)(ii) (court may exclude time from computation if "the case is . . . so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law"); 18 U.S.C. § 3161(h)(3)(A) (court may exclude "any period of delay resulting from the absence or unavailability of the defendant"). *See also United States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995) (no Speedy Trial Act violation when case involved six defendants, eight attorneys, and 33-count indictment).

2. Motion to Suppress Evidence

Wackman argues that his attorney should have filed a motion to suppress evidence obtained in violation of his Fourth Amendment right against unreasonable searches and seizures. Mem. in Supp. of Mot. for Relief 10-11. But he has neither identified the evidence nor explained how its seizure violated the Fourth Amendment.[15] Thus, he has failed to show that his attorney was deficient in not moving to suppress the evidence, or that he suffered any prejudice. *See Strickland*, 466 U.S. at 686, 689, 694.

---

[15] The Government, however, has identified two types of evidence to which Wackman may be referring: the UPS package that contained cocaine, and drugs and paraphernalia seized from 506 West John Street. ECF No. 311 at 18-20. The Government correctly notes that Wackman would have lacked standing to challenge the UPS package, because it was addressed to someone else. Trial Tr., Vol. III, 218:22-220:09; *United States v. Hurley*, 182 F. App'x 142, 144 (4th Cir. 2006) (defendant lacked standing to challenge admissibility of package addressed to someone else); *United States v. Givens*, 733 F.3d 339, 341 (4th Cir. 1984) (same). Wackman also has offered no reason why the evidence from the Johns Street apartment was inadmissible. Police secured the apartment after the landlord found suspected marijuana there following an eviction proceeding. ECF No. 311, Ex. 1 at 2. Police seized the drugs after obtaining a search warrant. Wackman has presented no evidence that either the initial entry or the subsequent search and seizure were unreasonable. *See United States v. Brazel*, 102 F.3d 1120, 1148 (11th Cir. 1997) (search valid when officers acted on landlord's consent, with reasonable belief that home had been vacated); *United States v. Blauvelt*, 638 F.3d 281, 288 (4th Cir. 2011) (that officers personally viewed the evidence to be seized helped establish probable cause for the search warrant).

3. Severing Counts

Wackman argues that he "repeatedly requested" that his attorney file a motion to sever his counts under Fed. R. Crim. P. 14(a). Mem. in Supp. of Mot. for Relief 11. But Wackman was indicted on only one count. Trial Tr., Vol. III, 215:20-25. Thus, Wackman has not shown that his attorney was ineffective in not moving to sever counts. *See Strickland*, 466 U.S. at 686, 689.

4. Failure to Negotiate an Open Plea

Wackman argues that his attorney was ineffective because he refused Wackman's repeated requests to arrange an open plea.[16] Mem. in Supp. of Mot. for Relief 13-16. He contends that, had he pled guilty, he might have received a shorter sentence, because the sentencing guidelines recommend a lower sentencing range for defendants who accept responsibility for their crimes. *Id.* at 13.

Wackman's argument is unpersuasive. He swore under oath that he had discussed the superseding indictment with his attorney and wished to go to trial. Trial Tr., Vol. III, 213:07-215:25. He has presented no evidence that this sworn

---

[16] In an open plea, the defendant pleads guilty without a written plea agreement. *See United States v. Taylor*, 644 F.3d 573, 574 (7th Cir. 2011); *United States v. Navarro*, 476 F.3d 188, 190 (3d Cir. 2007).

14

statement was untrue.[17]  He also admitted at sentencing that he

had turned down the Government's offer of a 60-month sentence.

Sentencing Tr. 11:15-17.  Had Wackman pled guilty to the charged

conspiracy, his acceptance of responsibility would have secured

no more than a three-level reduction under the advisory

sentencing guidelines.  U.S. Sentencing Guidelines Manual §

3E1.1.  At offense level 31, criminal history category I,

Wackman would have had an advisory guidelines range of 108 to

135 months[18]--far more than the 60-month offer he rejected.

Moreover, Wackman has not argued that he would have pled guilty

had his attorney encouraged him.[19]  Thus, he has not shown that

his attorney was ineffective by not securing an open plea, *see*

---

[17]  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1974) (a
defendant's representations under oath at plea colloquy
"constitute a formidable barrier in any subsequent collateral
proceedings" because "[s]olemn declarations in open court carry
a strong presumption of verity"); *Fields v. Attorney Gen. of
Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and
convincing evidence to the contrary, a defendant is bound by the
representations he makes under oath during a plea colloquy.").

[18]  Sentencing Table, U.S. Sentencing Guidelines Manual.

[19]  At most, Wackman suggests that he would have considered it.
*See* Mem. in Supp. of Mot. for Relief 15 (alleging that
attorney's ineffective assistance of counsel "deprived [him] of
the ability to make a reasonably informed decision regarding
whether to change his plea or proceed to trial").  To prevail on
an ineffective assistance of counsel claim, Wackman must show
that, but for "gross misadvice regarding his sentencing
exposure," he would have accepted the plea agreement.  *See
United States v. Merritt*, 102 F. App'x 303, 307 (4th Cir. 2004).

*Strickland*, 466 U.S. at 686, 689, or that Wackman suffered prejudice by not having an open plea, *see id.* at 694.

5. Failure to Investigate and Call Witnesses

Without elaboration, Wackman argues that his attorney was ineffective for failing to conduct a pretrial investigation or call witnesses at trial. Mem. in Supp. of Mot. for Relief. 16-18. His failure to provide any details, however, undermines his claim.[20]

6. Wackman's Failure to Testify

Wackman argues that his counsel was ineffective for not calling him as a witness. Mem. in Supp. of Mot. for Relief 19. When his attorney advised him at trial of his right to testify, Wackman told the Court that his "desire [was] to not take the stand." Trial Tr., Vol. IV, 440:3-9. Thus, he has failed to show that his attorney's performance was deficient.[21]

---

[20] *See Roane*, 378 F.3d at 401 (no post-conviction relief or evidentiary hearing warranted when petitioner offered only "conclusory accusations"); *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *overruled on other grounds by*, *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).

[21] *See United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) (attorney was not deficient for not calling defendant to testify when the record showed that the defendant knew he could decide whether to testify on his own behalf); *United States v. Otero*, 848 F.2d 835, 839 (7th Cir. 1988) (no evidence of deficient performance when defendant "assured the trial judge that he and his trial counsel had discussed the matter and that he voluntarily decided not to testify"). Wackman's statements at trial

16

7. Motion for Acquittal

Wackman argues that his attorney was ineffective for not moving for judgment of acquittal under Fed. R. Crim. P. 29. Mem. in Supp. Mot. for Relief 20. This argument is wholly without merit: Wackman's attorney moved for judgment of acquittal; the Court denied the motion. ECF No. 176-1.

8. Objections to PSR

Without elaboration, Wackman argues that his attorney should have objected to the "drug weight," "gun enhancement," mandatory minimum sentence, and "crack cocaine 100 to 1 ratio [sic]" in the PSR. Mem. in Supp. of Mot. for Relief 21-22. None of his contentions has merit.

a. Drug Weight

The Government established the weight of the drugs involved in the conspiracy by presenting the testimony of cooperating witnesses and evidence of drug seizures and controlled buys. *See supra* Part I. Wackman has not said what he thinks the

---

present a formidable barrier to relief. *Cf. Blackledge*, 431 U.S. at 73-74; *Fields*, 956 F.2d at 1299.

Even if Wackman had shown his attorney's deficient performance for failing to call him to testify, he has shown no prejudice. He has provided no details of what his testimony would have been or how it might have changed the outcome of the trial. *See Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009) (no showing of prejudice under *Strickland* when defendant claimed that his attorney was deficient for not calling him to testify but failed in his post-conviction petition to give any details about what his testimony would have been).

17

weight should have been, or what evidence would have supported
that finding. Thus, he has not shown that his attorney was
unreasonable for not objecting to the weight in the presentence
report. *See Strickland*, 466 U.S. at 686, 689.

      b. Gun Enhancement

Section 2D1.1(b)(1) of the advisory sentencing guidelines
provides for a two-level enhancement of the offense level if "a
dangerous weapon (including a firearm) was possessed." U.S.
Sentencing Guidelines Manual § 2D1.1(b)(1). Application Note 3
provides that "the adjustment should be applied if the weapon
was present, unless it is clearly improbable that the weapon was
connected with the offense." *Id.*, cmt. n.3.

On direct appeal, Wackman argued that the Court improperly
applied the gun enhancement at sentencing because the Government
had not linked him to the John Street apartment where police
found weapons and ammunition. *Wackman*, 359 F. App'x at 417.
The Fourth Circuit rejected this argument, noting that a
cooperating witness's testimony established that Wackman
possessed a gun, and "Wackman did not introduce any evidence
that it was clearly improbable that the gun was connected to his
drug activity." *Id.*

This Court must also deny relief. To the extent that
Wackman merely "recasts" the argument he made to the Fourth

Circuit, the Court cannot entertain it now.[22]  If Wackman

intended to make a new argument, he has presented no evidence

that it was "clearly improbable" that the gun was connected to

his crime.[23]  Thus, he has not shown that his trial attorney was

deficient for failing to object to the firearm sentencing

enhancement, *Strickland*, 466 U.S. at 686, 689, or that he

suffered prejudice because counsel did not object, *see id.* at

694.

> c. Mandatory Minimum Sentence

Wackman was convicted of conspiring to distribute 50 grams

or more of crack cocaine, an offense with a statutory mandatory

sentence of 120 months.  21 U.S.C. § 841(b)(1)(B).  Because

Wackman has presented no evidence that the drug weight was

incorrect, *see supra* Part II.B.8.a, he has not shown that his

attorney was ineffective for not challenging the applicability

---

[22] *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (defendant was not allowed "to recast, under the guise of collateral attack, questions fully considered" and rejected by the Fourth Circuit on direct appeal).  Because of trial counsel's failure to object to the gun enhancement, the Fourth Circuit considered this issue under a plain error analysis.  *Wackman*, 359 F. App'x at 417.

[23]  A court may also enhance a defendant's sentence if another participant in the crime possessed the firearm, *see United States v. Falesbork*, 5 F.3d 715, 719-20 (4th Cir. 1993), or if guns are kept close to drugs in the same house, *United States v. Nelson*, 6 F.3d 1049, 1056 (4th Cir. 1993), *abrogated on other grounds by United States v. Bailey*, 516 U.S. 137 (1995).

of the mandatory sentence. *See Strickland*, 466 U.S. at 686, 689.

d. Crack and Powder Cocaine Guidelines Disparity

As noted above, the Court has previously considered and rejected Wackman's argument for a reduced sentence under the 2007 crack cocaine guidelines amendment. ECF No. 283. Thus, Wackman cannot show prejudice from his attorney's failure to raise this issue at sentencing. *See Strickland*, 466 U.S. at 694.

9. Seeking a Lower Sentence

Wackman argues that his attorney was ineffective for not seeking a lower sentence. Mem. in Supp. of Mot. for Relief 22-24. The record contradicts this claim. His attorney argued for a lower sentence on many grounds, including Wackman's belated acceptance of responsibility, his regular appearances in court, and the lack of evidence linking him to violence. Sentencing Tr. 4, 6-10.[24]

10. Raising Issues on Appeal

Wackman argues that his appellate attorney provided ineffective assistance of counsel because he failed to raise the

---

[24] To the extent that Wackman faults his attorney for not filing a written motion, the result is the same. *Cf. Campbell v. Lockhart*, 789 F.2d 644, 646 (8th Cir. 1986) (trial counsel's failure to make written motion for competency examination did not violate defendant's rights when counsel made oral request for examination).

preceding arguments on direct appeal.[25]  Mem. in Supp. of Mot.
for Relief 24-25.

"Effective assistance of appellate counsel does not require
the presentation of all issues on appeal that may have merit . .
."  *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008).
"[W]innowing out weaker arguments on appeal and focusing on
those more likely to prevail, far from being evidence of
incompetence, is the hallmark of effective appellate advocacy."
*Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotation
marks omitted).  Thus, a court must accord an appellate attorney
the presumption that he properly decided which issues were most
likely to afford relief on appeal.  *Bell v. Jarvis*, 236 F.3d
149, 164 (4th Cir. 2000) (en banc).  "Generally, only when
ignored issues are clearly stronger than those presented, will
the presumption of effective assistance of counsel be overcome."
*Id.* (internal quotation marks omitted).  Claims of ineffective
assistance of trial counsel are generally not cognizable on
direct appeal "unless it appears conclusively from the record
that defense counsel did not provide effective representation."[26]

_____

[25] Appellate counsel did raise the issue of whether the Court
improperly imposed the firearm sentencing enhancement.  *See
supra* Part II.B.8.b.

[26] *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008)
(internal quotation marks omitted).  *See also Massaro v. United
States*, 538 U.S. 500, 504-06 (2003) (in most cases a § 2255
motion is preferable to direct appeal for deciding claims of

Wackman has not overcome the presumption that his appellate attorney was competent. Most of his claims involve ineffective assistance of trial counsel, an issue better suited to post-conviction review than direct appeal. *See Massaro*, 538 U.S. at 500. Moreover, Wackman has not shown that any of his claims have merit, let alone that they are "clearly stronger than those presented" on direct appeal. *See Bell*, 236 F.3d at 164. Thus, he has failed to show that his appellate attorney was deficient or caused him prejudice. *Id.*

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v.Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v.*

---

ineffective assistance because the trial record is "often incomplete or inadequate for [addressing such claims on direct review,]" thereby risking the failure of "[e]ven meritorious claims").

22

*Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Wackman has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Wackman's motion to vacate, set aside, or correct sentence will be denied.

_____
Date    11/16/11

_____
William D. Quarles, Jr.
United States District Judge